■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN GAINES, Appellant. [604 NYS2d 272] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered April 19, 1990, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the second count of the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Beslanovics, 57 NY2d 726), and a new trial is ordered on the fourth count of the indictment charging the defendant with criminal possession of a weapon in the second degree. No questions of fact were raised or considered.

On May 28, 1988, the defendant and three codefendants drove to a house in Queens. The defendant and two of his codefendants exited the vehicle and sprayed the house with bullets, killing one of the occupants. All four defendants were tried jointly. Following a lengthy trial, the jury acquitted all four defendants of intentional and depraved indifference murder and convicted them of manslaughter in the second degree as a lesser included offense of murder in the second degree under the second count of the indictment, and criminal possession of a weapon in the second degree under the fourth count of the indictment.

The defendant contends he was denied a fair trial because the prosecution failed to disclose a cooperation agreement that had been reached between an Assistant District Attorney, who was the trial assistant's superior, and the attorney for the principal prosecution witness, whereby the witness would not be required to go to prison on pending felony charges if he testified against the defendants. The Court of Appeals has recently determined, on appeals involving two of the codefendants *(see, People v Steadman,* 82 NY2d 1; *People v Blair,* 82 NY2d 1), that the prosecutor's failure to disclose this cooperation agreement constituted a *Brady* violation *(see, Brady v Maryland,* 373 US 83) which was not harmless. Accordingly, the defendant's conviction must, likewise, be reversed.

The defendant's remaining contentions are without merit. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.